IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANNEL MAURICE MITCHELL, # R-07374, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 16-cv-097-MJR ) |
| CRAIG FOSTER, COUNSELOR FATHEREE, COUNSELOR HARTER, and COUNSELOR PIERCE, | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court to review Plaintiff's First Amended Complaint (Doc. 17), filed on May 16, 2016, at the direction of the Court. Plaintiff also filed several documents as exhibits to the complaint (Doc. 19). Since this action was filed, Plaintiff was transferred from Vandalia Correctional Center ("Vandalia") to Shawnee Correctional Center ("Shawnee").

In a sealed order dated May 2, 2016, the Court dismissed a number of Plaintiff's claims, and severed others into four separate cases (Doc. 16).[1] The dismissed claims included Count 1 against Defendants Foster, Harter, and Pierce, for mishandling and denying Plaintiff's grievances; and Count 2 against Defendant Foster for refusing to place Plaintiff in a drug treatment program. Both Count 1 and Count 2 were dismissed from this action with prejudice, and Defendants Harter and Pierce (who were included as parties only with reference to Counts 1

---

[1] The severed cases are: *Mitchell v. Afuwape, et al.*, No. 16-cv-484-SMY-PMF; *Mitchell v. Pace*, No. 16-cv-485-SMY-PMF; *Mitchell v. Lupert, et al.*, No. 16-cv-486-SMY; and *Mitchell v. Heberer*, No. 16-cv-487-MJR.

and 2) were also dismissed from the action with prejudice. The only claim remaining in this action is Count 3 against Defendant Foster, which was described in the original threshold order as follows:

> **Count 3:** Eighth Amendment claim against Defendant Foster for failing to mitigate the spider infestation in the prison.

Plaintiff was ordered to submit an amended complaint if he wished to further pursue Count 3 against Defendant Foster. His amended pleading (Doc. 17) was timely filed. The First Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A.

**The First Amended Complaint (Doc. 17)**

Plaintiff states that while he was incarcerated at Vandalia, from August 15 through November 5, 2015, he submitted grievances (including emergency grievances) to Defendants Foster and Fatheree, as well as to dismissed Defendants Harter and Pierce, about the conditions in his cell. Plaintiff had observed spider webs above his bunk, and in the corners of the area surrounding his bunk. He saw spiders crawling on the walls and on his bed. He informed the individual Defendants both verbally and in writing about these conditions. However, they failed to implement a plan to exterminate the spider infestation (Doc. 17, p. 6).

During the time he was lodging these complaints, Plaintiff was bitten by a brown recluse spider. His exhibits show that he was treated by medical staff for the bite on October 25, 2015 (Doc. 19, pp. 1-2). He was treated for MRSA, and suffered pain as a result of the bite. He also suffered psychological harm from the infestation conditions. He seeks monetary damages.

As noted above, Count 3 as delineated in the original complaint was against only Defendant Foster, the Vandalia warden. In the amended complaint, Plaintiff adds a new Defendant, Counselor Fatheree. The amended pleading also adds new allegations against

previously dismissed Defendants Counselor Harter and Counselor Pierce, stating specifically that they received his complaints about the spider infestation but took no action to remedy the problem.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Section 1915A requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

Based on the allegations in the First Amended Complaint, the Court shall recharacterize the claim in this action as follows:

> **Count 3:** Eighth Amendment claim against Defendants Foster, Featheree, Harter, and Pierce, for failing to mitigate the spider infestation in the prison despite Plaintiff's written and verbal complaints about this condition.

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions create an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

In order to plead a conditions-of-confinement claim, a plaintiff must allege facts that, if true, would satisfy both the objective and subjective components. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment focuses on the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22; *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, this is deliberate indifference to inmate health or safety; the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

As to the objective conditions described by Plaintiff, a severe pest infestation may

support an Eighth Amendment claim.  *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, prison conditions may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm).  Here, Plaintiff alleges that he sustained physical harm (the bite he suffered) as well as psychological injury from the proliferation of spiders.

Turning to the subjective component of his claim, Plaintiff alleges that he lodged several complaints about the infestation, directed to each of the named Defendants.  However, they failed to implement a plan to exterminate the spiders.  While the infestation persisted, Plaintiff was injured.  At this stage of the litigation, these allegations are sufficient to survive review under § 1915A.  Further factual development will be necessary in order to determine whether each Defendant's response to the infestation problem rose to the level of unconstitutional deliberate indifference.

Ordinarily, a prison official will not be liable for maintaining unconstitutional conditions of confinement, where the official's role is limited to responding to prisoner grievances but does not include direct responsibility for mitigating a problem.  The Seventh Circuit instructs that the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  This was the reason why Defendants Harter and Pierce were dismissed from this action, based on the allegations in the original complaint which only generally stated that they failed to respond to grievances over Plaintiff's medical care.   In the First Amended Complaint, Plaintiff now alleges that Defendants Harter and Pierce, along with Defendants Foster and Fatheree, were alerted to the severe infestation through multiple grievances he filed.  Out of an abundance of caution, therefore, Defendants Counselor Harter and Counselor Pierce

shall remain in this action, and Plaintiff may proceed against them on his Eighth Amendment claim. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical prison officials who failed to intervene despite their knowledge of his serious medical condition and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences").

**Pending Motions**

On June 24, 2016, Plaintiff filed a motion for copies of correspondence mailed to him from the Court during the month of June (Doc. 23). The Court did not send any correspondence to Plaintiff during that time frame, and the Clerk has corrected his address to reflect his confinement at Shawnee Correctional Center. This motion (Doc. 23) is therefore **DENIED AS MOOT**.

Plaintiff's motion to check status (Doc. 25) is **GRANTED** insofar as the status of this action is reflected herein.

**Disposition**

The Clerk of Court shall prepare for Defendants **FOSTER, FATHEREE, HARTER,** and **PIERCE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, the Memorandum and Order (Sealed) at Doc. 16, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of

Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28

U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 9, 2016**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court